**BOSTWICK & JASSY LLP**
GARY L. BOSTWICK, Cal. Bar No. 79000
  gbostwick@bostwickjassy.com
JEAN-PAUL JASSY, Cal. Bar No. 205513
  jpjassy@bostwickjassy.com
KEVIN L. VICK, Cal. Bar No. 220738
  kvick@bostwickjassy.com
12400 Wilshire Boulevard, Suite 400
Los Angeles, California 90025
Telephone:   310-979-6059
Facsimile:   310-314-8401

**CENTER FOR CONSTITUTIONAL RIGHTS**
Maria LaHood
  mlahood@ccrjustice.org
666 Broadway, 7th Floor
New York, NY 10012
Telephone:  (212) 614-6430
Facsimile:  (212) 614-6499

Attorneys for Defendant FEDERATION INTERNATIONAL DES DROITS DE L'HOMME

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORDECHAI Y. ORIAN, et al. <br><br> Plaintiffs, <br><br> v. <br><br> FEDERATION INTERNATIONAL DES DROITS DE L'HOMME, corporate form unknown, EURO-MEDITERRANEAN HUMAN RIGHTS NETWORK, corporate form unknown, SIDIKI KABA, an individual, ABDELAZIZ BENNANI, an individual, and KAV LAOVED, an Israeli Corporation, form unknown, <br><br> Defendants. | Case No. 11-cv-06904-PSG (FFMx) <br><br> **DEFENDANT FEDERATION INTERNATIONAL DES DROITS DE L'HOMME'S MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 (c); MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> [Declarations of Gary L. Bostwick and Maria C. LaHood and Exhibits A-C Filed Concurrently] <br><br> Date:      March 26, 2012 <br> Time:      1:30 p.m. <br> Judge:    Hon. Philip S. Gutierrez |

TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 26, 2012 at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 790 of the above-entitled Court, the Honorable Philip S. Gutierrez, presiding, located at 255 East Temple Street, Los Angeles, California 90012, Defendant Federation International Des Droits De L'Homme ("FIDH" or "Defendant") will and hereby does move the Court for an order compelling Plaintiffs Mordechai Y. Orian and Global Horizons, Inc. ("Plaintiffs") to pay FIDH $31,758.46 in attorneys' fees and costs, as well as any further fees and costs that FIDH may incur in connection with this Motion, pursuant to the mandatory attorneys' fees and costs provision in California Code of Civil Procedure section 425.16(c).

As this Court held in its December 13, 2011 Order (Dkt. No. 31), FIDH is a prevailing defendant under California's anti-SLAPP statute, Code of Civil Procedure, section 425.16 ("Section 425.16"), which mandates that "a prevailing defendant on a special motion to strike *shall* be entitled to recover his or her attorneys' fees and costs."  C.C.P. § 425.16(c) (emphasis added).

These foregoing grounds are amplified and explained in the attached Memorandum of Points and Authorities.  This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently-filed Declaration of Gary L. Bostwick with Exhibit A, the concurrently-filed Declaration of Maria LaHood with Exhibits B and C, FIDH's previously-filed Notice of Motion and Special Motion to Strike Plaintiff's Complaint under C.C.P. § 425.16, on all papers, pleadings, records and files in this case, on all matters of which judicial notice may be taken, and on such other evidence and/or argument as may be presented to the Court at the hearing on this Motion.

Defendant FIDH therefore respectfully requests that this Court award FIDH its attorneys' fees and costs in the amounts of $31,758.46, plus any additional fees and

costs that may be incurred in preparing a Reply to any Opposition to this Motion or in preparing for and appearing at the hearing on this Motion.[1]

Dated: January 6, 2012

BOSTWICK & JASSY LLP and

CENTER FOR CONSTITUTIONAL RIGHTS

By:   /S/ - Gary L. Bostwick
      GARY L. BOSTWICK

Attorneys for Defendant FEDERATION INTERNATIONAL DES DROITS DE L'HOMME

---

[1] Defendant FIDH is entitled to recover attorneys' fees and costs incurred in bringing this Motion, including work on the Reply brief and counsel's appearance at the hearing of this Motion. *See Ketchum v. Moses*, 24 Cal. 4th 1122, 1141 (2001). Any additional fees and costs incurred in connection with this Motion will be set forth in a supplemental declaration submitted with FIDH's Reply brief. Declaration of Gary L. Bostwick ("Bostwick Decl."), ¶ 11; Declaration of Maria C. LaHood ("LaHood Decl."), ¶ 7.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On December 13, 2011, this Court held that Defendants FIDH and Kav LaOved are deemed "to be the prevailing parties on the anti-SLAPP motions and Plaintiffs must pay Defendants' attorneys' fees and costs associated with the motions to strike." (Dkt. No. 31 at 5.) FIDH is entitled to recovery of attorneys' fees and costs pursuant to California's anti-SLAPP statute, Code of Civil Procedure § 425.16 ("Section 425.16"), which provides for a mandatory shifting of fees and costs to prevailing defendants. Cal. Code of Civ. Proc. § 425.16(c).

## II. STATEMENT OF PERTINENT FACTS AND PROCEDURAL BACKGROUND

On October 17, 2011, FIDH filed a special motion to strike Plaintiffs' Complaint pursuant to Section 425.16. (Dkt. No. 17.) In response, Plaintiffs did not file any opposition, but instead voluntarily dismissed their lawsuit two weeks later. (Dkt. No. 25.) In its December 13, 2011 Order, this Court held that, under Section 425.16, "a plaintiff may not escape the mandatory attorney fees and costs due to a defendant by voluntarily dismissing a suit after an anti-SLAPP motion has been filed." (Dkt. No. 31 at 4.) The Court further held that FIDH "would have prevailed on the merits of [its] anti-SLAPP motion[]," and "[t]he Court, therefore, DEEMS [FIDH and co-defendant Kav Loved] to be the prevailing parties on the anti-SLAPP motions." (*Id.* at 5.) The Court ordered Plaintiffs to pay FIDH's attorney fees and costs associated with its motion to strike, and invited FIDH to submit a motion to fix the amount of those fees and costs. (*Id.*)

## III. FIDH IS ENTITLED TO RECOVER ITS FEES AND COSTS UNDER CALIFORNIA'S ANTI-SLAPP STATUTE

### A. FIDH Is Entitled To Recover Its Fees And Costs

The California Supreme Court has held that "under Code of Civil Procedure section 425.16, subdivision (c), any SLAPP defendant who brings a successful

-1-

motion to strike is entitled to *mandatory* attorney fees." *Ketchum*, 24 Cal. 4th 1122, 1131 (2001) (emphasis added); *see also Pfeiffer Venice Properties v. Bernard*, 101 Cal. App. 4th 211, 215 (2002) ("the award of attorney fees to a defendant who successfully brings a special motion to strike is not discretionary but mandatory").[2] The California Supreme Court also held in *Ketchum* that a defendant who prevails under Section 425.16 is not only entitled to recover attorney's fees associated with the special motion to strike, but also is entitled to recover attorney's fees incurred in preparing and litigating a fee motion. *Ketchum*, 24 Cal. 4th at 1141.

The anti-SLAPP fee award is designed to discourage oppressive anti-speech litigation "by imposing the litigation costs on the party seeking to 'chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances' and to encourage private representation in SLAPP cases." *Id.* at 1131. "[T]he legislative aim in including the attorney fee provision was apparently to strengthen enforcement of certain constitutional rights, including freedom of speech and petition for redress of grievances, by placing the financial burden of defending against so-called SLAPP actions on the party abusing the judicial system." *Id.* at 1137. *See also Robertson v. Rodriguez*, 36 Cal. App. 4th 347, 362 (1995) ("[t]he right of prevailing defendants to recover their reasonable attorney fees under section 425.16 adequately compensates them for the expense of responding to a baseless lawsuit").

An award of attorneys' fees and costs to a prevailing defendant is mandatory, including when, as in this case, counsel is representing the defendant on a *pro bono*

---

[2] It is well settled that federal courts recognize the recovery of attorneys' fees and costs under California Code of Civil Procedure § 425.16(c). *See, e.g., United States ex rel. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 972 (9th Cir. 1999); *New.Net, Inc. v. Lavasoft*, 356 F.Supp.2d 1090, 1115 (C.D. Cal. 2004) (recognizing award of fees under Section 425.16(c) and "holding that the anti-SLAPP statute is "broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extricating him or herself from a baseless lawsuit"); *Thomas v. Los Angeles Times Communications LLC*, 189 F. Supp. 2d 1005, 1017 (C.D. Cal. 2002) (holding that prevailing defendant on anti-SLAPP motion is entitled to a fee award under Section 425.16(c)).

basis.  Bostwick Decl., ¶ 7; LaHood Decl., ¶ 4.  As the court held in *Rosenaur v. Scherer*, 88 Cal. App. 4th 260, 283 (2001), subsection 425.16(c) allows recovery of attorney fees "accrued by outside counsel" on a "pro bono basis."   "After all, fees have accrued and resources have been expended by the attorneys," and "[t]here is nothing in section 425.16 that suggests that those attorney fees cannot be recovered." *Id.*; *see also Macias v. Hartwell*, 55 Cal.App.4th 669, 675-676 (1997) (holding prevailing defendant entitled to award of attorneys' fees even though he did not personally owe attorneys' fees because a local union paid his litigation costs); *Ketchum*, 24 Cal. 4th at 1131 ("[t]he fee-shifting provision [in Cal. Code of Civ. Proc. § 425.16(c)] also encourages private representation in SLAPP cases, including situations when a SLAPP defendant is unable to afford fees"); *Lolley v. Campbell*, 28 Cal. 4th 367, 374 (2002) (citing *Rosenaur* approvingly for proposition that "[o]ur appellate courts have repeatedly affirmed awards of attorney fees under various fee-shifting provisions for legal services provided at no personal expense to the client").[3]

### B.    FIDH's Attorneys' Fees and Costs Are Reasonable

Because FIDH is entitled to recover its attorneys' fees and costs under Section 425.16's mandatory fee-shifting provision, the only issue for the Court to consider is the reasonableness of FIDH's fees.  (Dkt. No. 31 at 5 (inviting defendants to "file a motion to fix attorneys fees and costs associated with the motions to strike")).  In *Ketchum*, the California Supreme Court held that "absent circumstances rendering the award unjust, an attorney fee award should ordinarily include compensation for *all* the hours *reasonably spent*, including those relating solely to the fee." *Ketchum*, 24 Cal. 4th at 1133 (emphasis in original).  A determination of whether fees under Section 425.16 are reasonable typically is vested in the discretion of the trial court. *Church of Scientology v. Wollersheim*, 42 Cal. App. 4th 628, 658-659 (1996),

---

[3] The amount awarded to a prevailing defendant may not be reduced based on the fact it was represented on a *pro bono* basis. *See Cruz v. Ayromloo*, 155 Cal. App. 4th 1270, 1278-1279 (2007) ("our research uncovered no case in which a trial court reduced a fee award simply because of the 'pro bono type of work' involved").

*disapproved on other grounds*, *Equilon Enters. v. Common Cause, Inc.*, 29 Cal. 4th 53, 68 n.5 (2002). In making this determination, the Court "may and *should* consider the nature of the litigation, its difficulty, the amount involved, the skill required and the skill employed in handling the litigation, the attention given, the success of the attorney's efforts, his learning, his age, and his experience in the particular type of work demanded . . .; the intricacies and importance of the litigation, the labor and necessity for skilled legal training and ability in trying the case, and the time consumed." *Id.* at 659 (emphasis and ellipses in original) (citations and quotations omitted). Importantly, in *Church of Scientology*, the court affirmed an award of fees of over $130,000.00 to the prevailing SLAPP defendant. *Id.*

The Legislature opted not to include any limitations or qualifications on the amount of fees and costs recoverable under Section 425.16. *See generally*, *Ketchum*, 24 Cal. 4th at 1139 (the California Supreme Court noted "the absence of any indication by the Legislature of the intent to specially limit fees in anti-SLAPP actions").[4] The California Legislature has mandated a "broad" interpretation of the anti-SLAPP statute that encourages fully recompensing prevailing defendants in anti-SLAPP actions. C.C.P. § 425.16(a). *See*, *e.g.*, *Robertson*, 36 Cal. App. 4th at 362. Although "[t]he law is clear … that an award of attorney fees may be based on counsel's declarations, without production of detailed time records," FIDH produces its counsel's time records here, redacted for privilege and relevance, *see* Exs. A, B. *Raining Data Corp. v. Barrenechea*, 175 Cal. App. 4th 1363, 1375 (2009).

Defendant FIDH's attorneys' fees are reasonable. <u>First</u>, this litigation was significant because FIDH, an international human rights organization, was able to use an anti-SLAPP motion to vindicate in a foreign forum its free speech rights and the

---

[4] Where a prevailing party's statutory entitlement to an award of fees is limited or qualified, the California Legislature does so expressly. *See*, *e.g.*, C.C.P. §§ 405.38, 437c(i), 2023.030(a); *see also City of Berkeley v. Cukierman*, 14 Cal. App. 4th 1331, 1339 (1993) (courts "may not insert into a statute qualifying provisions not intended by the Legislature, nor may it require the statute to conform to an assumed legislative intent which does not appear from the language of the statute itself").

free speech rights of the public who look to FIDH for information concerning important public issues related to international human rights. (Dkt. No. 31 at 3 (holding that Plaintiffs' claims "arise from protected activity" and that alleged "statements regarding human trafficking and human rights abuses by Orian and Global Horizon are a 'topic of widespread, public interest".)

Second, FIDH's counsel is experienced in the field of SLAPP litigation, defamation law, and human rights law. Bostwick Decl., ¶¶ 3-4; LaHood Decl., ¶¶ 3-4. Gary Bostwick, the lead attorney for this matter, has litigated approximately 35 SLAPP cases, at both the trial and appellate court levels, in state and federal court. Bostwick Decl., ¶ 3. All of FIDH's counsel have extensive experience in defamation law and/or human rights law. Bostwick Decl., ¶¶ 3-4; LaHood Decl., ¶¶ 3-4. The experience of FIDH's counsel facilitated investigation of Plaintiffs' claims and efficient drafting of effective anti-SLAPP papers within a reasonable amount of time and at a reasonable rate. *Id.*

Third, this Court's December 13, 2011 Order leaves no doubt that FIDH's anti-SLAPP motion was successful and that FIDH is a "prevailing party" under the anti-SLAPP statute. (Dkt. No. 31 at 5.)

Fourth, the attorneys' fees and costs – $31,758.46 to date, *see* Bostwick Decl., ¶¶ 9-11, LaHood Decl., ¶¶ 6-8 – are reasonable in light of FIDH's success in this litigation. This case involved a complex factual background with multiple defendants and websites, pertinent prior litigation as well as a current criminal prosecution against Plaintiff Orian, and an international web of characters and events stretching from the 1990s to the present. *See generally* Complaint (Dkt. No. 1). The case also involved numerous legal issues involving application of the anti-SLAPP statute, First Amendment law, and principles and defenses of defamation jurisprudence. *See* anti-SLAPP motion (Dkt. No. 18).

Fifth, the attorneys' fees and costs sought by FIDH are significantly lower than other awards under Section 425.16(c) that have been affirmed by the California Court

of Appeal. *See, e.g., Church of Scientology*, 42 Cal. App. 4th at 659 (affirming award of over $130,000 at trial court level); *Raining Data Corp.*, 175 Cal. App. 4th at 1367, 1375-1376 (affirming award of over $112,000 in attorneys' fees); *Bernardo v. Planned Parenthood Federation*, 115 Cal. App. 4th 322, 328, 360-68 (2004) (affirming award of over $77,000 at trial court level, and remanding for a determination of fees to be awarded on appeal).

Sixth, FIDH is *not* seeking to recover fees and costs related to work in the case not connected to the anti-SLAPP motion. This includes, for example, fees related to (1) FIDH's motion to dismiss under F.R.C.P. 12(b)(6), filed concurrently with the anti-SLAPP motion; (2) the preparation of pro hac vice papers for co-counsel Ms. LaHood; and (3) investigation and research regarding whether FIDH was properly served. Bostwick Decl., ¶ 9; LaHood Decl., ¶ 6. These fees are significant, as they demonstrate that Plaintiffs' meritless SLAPP lawsuit caused FIDH's attorneys to expend time and resources on legal work for which Plaintiffs will escape having to provide compensation, despite the fact Plaintiffs' action was a meritless SLAPP suit.

## IV.  CONCLUSION

For the foregoing reasons, FIDH respectfully requests that the Court grant its Motion to Recover Fees and Costs under C.C.P. § 425.16(c), and award FIDH the fees and costs it has incurred and will incur in responding to Plaintiffs' baseless complaint against FIDH, including those fees and costs associated with this Motion.

Dated:  January 6, 2012           BOSTWICK & JASSY LLP and

CENTER FOR CONSTITUTIONAL RIGHTS


By: ___/S/ - Gary L. Bostwick_____
      GARY L. BOSTWICK

Attorneys for Defendant FEDERATION INTERNATIONAL DES DROITS DE L'HOMME

-6-
DEFENDANT FIDH'S MOTION TO STRIKE PER CAL. CODE OF CIV. PROC. 425.16