**BOSTWICK & JASSY LLP**
GARY L. BOSTWICK, Cal. Bar No. 79000
    gbostwick@bostwickjassy.com
JEAN-PAUL JASSY, Cal. Bar No. 205513
    jpjassy@bostwickjassy.com
KEVIN L. VICK, Cal. Bar No. 220738
    kvick@bostwickjassy.com
12400 Wilshire Boulevard, Suite 400
Los Angeles, California 90025
Telephone:  310-979-6059
Facsimile:   310-314-8401

**CENTER FOR CONSTITUTIONAL RIGHTS**
Maria LaHood
    mlahood@ccrjustice.org
666 Broadway, 7th Floor
New York, NY 10012
Telephone:  (212) 614-6430
Facsimile:   (212) 614-6499

Attorneys for Defendant FEDERATION
INTERNATIONAL DES DROITS DE
L'HOMME

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORDECHAI Y. ORIAN, et al. | Case No. 11-cv-06904-PSG (FFMx) |
| Plaintiffs, | **DECLARATION OF GARY L. BOSTWICK IN SUPPORT OF DEFENDANT FEDERATION INTERNATIONAL DES DROITS DE L'HOMME'S MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 425.16 (c)** |
| v. | |
| FEDERATION INTERNATIONAL DES DROITS DE L'HOMME, corporate form unknown, EURO-MEDITERRANEAN HUMAN RIGHTS NETWORK, corporate form unknown, SIDIKI KABA, an individual, ABDELAZIZ BENNANI, an individual, and KAV LAOVED, an Israeli Corporation, form unknown, | |
| | Date:          March 26, 2012 |
| | Time:          1:30 p.m. |
| | Judge:         Hon. Philip S. Gutierrez |
| Defendants. | |

## DECLARATION OF GARY L. BOSTWICK

I, Gary L. Bostwick, declare as follows:

1.      I am an attorney admitted to practice before all state and federal courts in the State of California.  I am a partner of Bostwick & Jassy LLP, and I am one of the lawyers responsible for representing Defendant Federation International Des Droits De L'Homme ("FIDH"), in this action.  The matters stated herein are true of my own personal knowledge, except for those matters stated on information and belief, which matters I believe to be true.

2.      Two entities provided legal services to FIDH in its successful prosecution of its anti-SLAPP motion.  First, Bostwick & Jassy LLP ("B&J"), was lead counsel for FIDH, with B&J attorneys Gary L. Bostwick, Jean-Paul Jassy and Kevin L. Vick working on the matter.  Second, the Center for Constitutional Rights ("CCR") served as co-counsel for FIDH, with Maria LaHood of CCR working on the matter.

3.      All of the B&J attorneys who worked on the anti-SLAPP motion have particular expertise in First Amendment and media law and the anti-SLAPP statute.  I have practiced in the fields of First Amendment and defamation law for nearly 30 years and have litigated approximately 35 anti-SLAPP cases, at both the trial and appellate court levels, in state and federal court.  I have particular experience defending clients in defamation cases, including defamation cases in the United States Supreme Court and the Supreme Court of California.  I was named "Lawyer of the Year – 2012" in First Amendment Law in Los Angeles by *Best Lawyers in America*.  I have served as an adjunct professor of law at Loyola Law School, Southwestern Law School and USC's Annenberg School for Communication, teaching about the First Amendment, defamation, and other legal issues impacting the media.  Mr. Jassy has practiced in the fields of First Amendment and defamation law for nearly twelve years.  I am informed and believe that he has litigated approximately 25 anti-SLAPP cases, at both the trial and appellate court levels, in

-1-

state and federal court.  He is listed in *The Best Lawyers in America* in the field of First Amendment law, and the publishers of *Los Angeles Magazine* and *Law & Politics* call him "one of the top First Amendment and media attorneys" in Los Angeles.  He has taught defamation law and anti-SLAPP jurisprudence as an adjunct professor at three law schools: the University of Southern California Law School, the University of California, Irvine School of Law and Southwestern Law School.  Mr. Vick has practiced law for nearly a decade and has extensive experience in First Amendment and defamation matters.  I am informed and believe that he has litigated approximately one dozen anti-SLAPP cases.  Prior to entering private practice in 2002, Mr. Vick was a law clerk to the Honorable Florence-Marie Cooper of the United States District Court for the Central District of California.

4.     The B&J attorneys' experience with anti-SLAPP cases and defamation law facilitated the drafting of effective papers in an efficient manner within a reasonable amount of time.  Ms. LaHood of CCR provided invaluable aid in analyzing the complaint and researching and investigating its claims, and assisting in the evaluation and drafting of FIDH's anti-SLAPP motion.  Ms. LaHood's knowledge and expertise in international human rights law and policy was vital to defending FIDH, an international human rights organization founded in 1922.

5.     At the time B&J was engaged by FIDH for this matter, my standard billing rate was $545 per hour, Mr. Jassy's standard billing rate was $425 per hour, and Mr. Vick's standard billing rate was $395 per hour.  I am familiar with the billing rates for attorneys in Los Angeles, California, particularly in the fields of anti-SLAPP and defamation litigation.  Based on my experience, my knowledge of other attorneys practicing in the SLAPP litigation arena and my general knowledge of billing rates in the Los Angeles area, I am informed and believe that the billing rates for the B&J attorneys in this matter are equal to or below the average billing rates of attorneys of similar experience and stature in the field of SLAPP and defamation litigation in Los Angeles.  If that proposition is contested in the opposition by Plaintiff, FIDH will file

1  a declaration from an outside attorney familiar with the practice that confirms the
2  proposition.

3       6.    The hourly rate of Ms. LaHood of CCR and evidence that her rate is
4  reasonable are set forth in her concurrently-filed declaration.  I have reviewed her
5  declaration and her qualifications, and based on my experience, my knowledge of
6  other attorneys practicing in the SLAPP, media, and civil and human rights litigation
7  arenas and my knowledge of billing rates in the Los Angeles area, I believe that Ms.
8  LaHood's billing rates on this matter, as stated in her declaration, are equal to or
9  below the standard hourly rates for attorneys in Los Angeles of a comparable level of
10 skill and experience.   I am informed and believe that the attorneys at the two law
11 firms defending FIDH in this matter made every effort to limit billings for their
12 communications to necessary strategic coordination.

13       7.    B&J represented FIDH on a *pro bono* basis in this lawsuit, with the
14 understanding that if the Court were to order Plaintiffs to pay attorneys' fees and
15 costs, the award of fees would be paid to B&J and CCR after reimbursement to FIDH
16 for any expenses.

17       8.    Although B&J represented FIDH on a *pro bono* basis, the B&J attorneys
18 kept contemporaneous records of the time they spent on specific tasks related to this
19 case, including tasks connected to the anti-SLAPP motion.

20       9.    B&J submitted monthly invoices to FIDH that included those time
21 records for legal services provided by B&J and costs incurred in the litigation.
22 Attached as Exhibit A to this Declaration are true and correct copies of those
23 invoices.  I have reviewed each of the entries in Exhibit A.  The entries reflecting my
24 time are accurate, and, I am informed and believe, the entries reflecting the time of
25 Mr. Jassy and Mr. Vick are also accurate.  I am further informed and believe that all
26 of the cost entries are also accurate.  The entries have been redacted to <u>exclude</u> fees
27 <u>not</u> sought by FIDH by way of its motion to recover fees, for example:  fees related to
28 (1) FIDH's motion to dismiss pursuant to F.R.C.P. 12(b)(6); (2) the preparation of

BOSTWICK DECLARATION ISO DEFENDANT
FIDH'S MOTION TO STRIKE PER
CAL. CODE OF CIV. PROC. 425.16

pro hac vice papers for co-counsel Ms. LaHood; and (3) investigation and research regarding whether FIDH was properly served.  For entries designating work on FIDH's Anti-SLAPP Motion as well as FIDH's Motion to Dismiss under F.R.C.P. 12(b)(6), which were filed concurrently on October 17, 2011, FIDH is only seeking recovery for half of the time designated.  The entries have also been redacted to protect attorney-client privileged and/or work product material.  Such redactions were made in the interest of judicial efficiency and to avoid the waiver of any privileges or doctrines, all of which are expressly reserved.

10.     As reflected in Exhibit A, B&J provided legal services worth $14,010.25 and incurred $78.21 in costs in connection with FIDH's anti-SLAPP motion through December 31, 2011.  Since January 1, 2012, B&J has provided an additional $2,520.00 worth of legal services in connection with FIDH's Motion For Attorneys' Fees And Costs Pursuant to California Code Of Civil Procedure Section 425.16(c) ("Motion for Attorneys' Fees").  Since January 1, 2012, I have spent approximately one hour drafting, revising and finalizing the papers associated with FIDH's Motion for Attorneys' Fees.  I am informed and believe that Mr. Vick has spent over 5 hours drafting, revising and finalizing the papers associated with FIDH's Motion for Attorneys' Fees since January 1, 2012.  Mr. Vick was assigned primary responsibility for preparing the Motion for Attorneys' Fees papers because of his lower hourly rate.

/ / /

BOSTWICK DECLARATION ISO DEFENDANT
FIDH'S MOTION TO STRIKE PER
CAL. CODE OF CIV. PROC. 425.16

11.    Adding together the amounts set forth in the previous paragraphs, plus the amount set forth in Ms. LaHood's Declaration reflecting legal services provided by co-counsel CCR in connection with FIDH's anti-SLAPP motion and its Motion for Attorneys' Fees, yields a total of $31,758.46 in attorneys' fees and costs sought by FIDH.  This figure does not include the fees and costs associated with any Reply by FIDH that may be required in support of its Motion for Attorneys' Fees or the preparation by and appearance of counsel for the hearing on the Motion, which will be detailed in a supplemental declaration with FIDH's Reply brief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 6th day of January, 2012.


                                               /s/   Gary L. Bostwick
                                               GARY L. BOSTWICK

-5-