MARC M. SELTZER (54534)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Telephone: (310) 789-3100
Fax: (310) 789-3150

HOWARD I. LANGER
(Admitted *Pro Hac Vice*)
hlanger@langergrogan.com
PETER E. LECKMAN (235721)
LANGER GROGAN & DIVER, P.C.
1717 Arch Street, Suite 4130
Philadelphia, PA 19103
Telephone: (215) 320-5660
Fax: (215) 320-5703

Attorneys for Defendant
Kav LaOved

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MORDECHAI Y. ORIAN, an individual, and GLOBAL HORIZONS, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> FEDÉRATION INTERNATIONAL DES DROITS DE L'HOMME, corporate form unknown, EURO-MEDITERRANEAN HUMAN RIGHTS NETWORK, corporate form unknown, SIDIKI KABA, an individual, ABDELAZIZ BENNANI, an individual, and KAV LAOVED, an Israeli Corporation, form unknown, <br><br> Defendants. | Case No. CV 11-6904 PSG (FFMx) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT KAV LAOVED'S MOTION TO FIX ATTORNEYS' FEES AND COSTS** <br><br> Date: March 26, 2012 <br> Time: 1:30 p.m. <br> Place: Courtroom of the Hon. Philip S. Gutierrez |

2130510v1/012826

**INTRODUCTION**

On December 13, 2011, this Court ruled that Defendant Kav LaOved ("Kav") was entitled to its attorneys' fees because it was a prevailing party under California's anti-SLAPP statute, California Code of Civil Procedure §425.16. *See* Docket No. 31. As the Court recognized in its order, once a defendant has been found to be a prevailing party on such a motion, an award of attorneys' fees and costs is mandatory. Docket No. 31 at 3; *see also Manufactured Home Communities, Inc. v. County Of San Diego*, 2011 WL 3771277, *9 (9th Cir. 2011) (quoting California Code of Civil Procedure § 425.16(c)). Thus, at this stage of the litigation, the question is not whether the law entitles defendant Kav LaOved ("Kav") to a fee award, but how much that award should be.

"The amount of reasonable fees to be awarded to the prevailing party are calculated according to a two part lodestar/multiplier approach." *Fleming v. Coverstone*, 2009 WL 764940, *6 (S.D. Cal. March 18, 2009). Under the lodestar method, a court determines an initial estimate of fees by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. A court may then adjust the lodestar figure using a "multiplier" based on factors not recognized in the initial lodestar calculation. Although Kav believes its success in this case justifies a multiplier, it is not seeking a multiplier through this motion. Kav requests only that the Court award it the lodestar amount associated with its motion to strike.

Kav requests that the Court order that plaintiffs are jointly and severally liable for the fee and cost award.

**FACTUAL & PRCEDURAL BACKGROUND**

On August 22, 2011, plaintiffs, Mordechai "Motti" Orian and his company, Global Horizons, Inc. ("Global") filed this action against three human rights organizations, including defendant Kav. The complaint alleged claims for libel and consequent tortious interference in plaintiffs' business relations allegedly arising

1

2130510v1/012826

from the libel.

As soon as they received a copy of the complaint, Kav's counsel set to work researching the legal and factual issues presented.  This research included conversations with the U.S. Department of Labor, which led to the discovery of many unreported DOL decisions regarding the plaintiffs.  Kav's counsel also conducted extensive Lexis and Westlaw searches, extensive internet searches, and review of a number of lengthy YouTube videos regarding plaintiffs' past conduct.  Through this research, Kav's counsel obtained evidence demonstrating plaintiffs are corrupt labor contractors, colloquially known as human traffickers, whom the Department of Labor has repeatedly sanctioned.  Kav's counsel dug into the records of the many proceedings brought against the plaintiffs and discovered that they have a long history of abuse.  Kav's counsel learned that Mr. Orian had been indicted by a United States grand jury the year before in Hawaii for human trafficking violations and that the EEOC had recently sued plaintiffs for major violations related to their human trafficking.

Kav's counsel also investigated the various legal issues posed by the plaintiffs' complaint. That investigation revealed that the complaint was entirely without merit.  Accordingly, on September 28, 2011, Kav moved to strike the complaint pursuant to California's anti-SLAPP statute or, in the alternative, to dismiss it. (Doc. No. 8.)  That motion showed that (1) California and Federal law protected the challenged conduct; (2) there was no jurisdiction over Kav; (3) the action did not meet the $75,000 threshold for diversity of citizenship jurisdiction; (4) the claims had long been time-barred; and that (5) the factual allegations did not come close to stating a viable claim for relief.

Along with its memorandum, Kav presented voluminous materials that documented the fact that plaintiffs' allegations lacked any basis, and indeed were false and contradicted by the very documents referenced in the complaint. *See* Declaration of Howard I. Langer (Doc. No. 9).

1  Plaintiffs have never defended their complaint. They did not respond to
2  Kav's motion to strike. Instead, they dismissed their action. Nor did plaintiffs
3  respond when Kav explained that the plaintiffs' voluntary dismissal would not
4  excuse their obligations to pay Kav's attorneys' fees and costs. (Doc. No. 26.)

5  On December 13, 2011, the Court granted Kav's motion to strike the
6  complaint. The Court found that "Plaintiffs have failed to meet their burden to
7  demonstrate a probability of success on the merits" and that "Defendants would
8  have prevailed on their anti-SLAPP motion" had Plaintiffs not voluntarily
9  dismissed their complaint. (Doc. No. 31.) The Court determined that defendants
10 were prevailing parties and that "Plaintiffs must pay Defendants' attorney fees and
11 costs associated with the motions to strike." *Id*. at 5.

## ARGUMENT

13 Pursuant to California Code of Civil Procedure §425.16(c), "[i]n any action
14 subject to [the anti-SLAPP special motion to strike], a prevailing defendant . . .
15 shall be entitled to recover his or her attorney's fees and costs." Cal. Civ.Code §
16 425.16(c). Included within the amount of fees, should be the "fees incurred in
17 enforcing the right to mandatory fees" under the anti-SLAPP statute. *Ketchum v.*
18 *Moses,* 24 Cal.4th 1122, 1141, 104 Cal.Rptr.2d 377 (2001).

19 In order to determine whether the fees are reasonable, the Court determines
20 the number of hours reasonably expended and multiplies that by a reasonable
21 hourly rate. In order to ascertain the reasonableness of the fees, the Ninth Circuit
22 has explained that "declarations of the prevailing market rate in the relevant
23 community are sufficient to establish the appropriate billing rate . . ." *Guam Soc'y*
24 *of Obstetrics & Gynecologists v. Ada*, 100 F.3d 691, 696 (9th Cir. 1996).

25 Here, defendant Kav requests $80,775.00 in attorneys' fees, the source and
26 reasonableness of which is outlined in the declarations of Howard Langer and Marc
27 M. Seltzer. These fees are associated with defendant Kav's motion to strike only,
28 and do not include Kav's attorneys' other work on this case.

The requested attorneys' fees of the Langer Grogan & Diver, P.C. firm fall within the following categories:

| Category | Amount |
|---|---|
| Initial Research and Consultation with client and attorney team regarding claims | Partner: $ 7,750 (12.4 hrs at $625/hr) Sr. Associate: $3,400 (8.5 hrs at $ 400/hr) |
| Research and Draft anti-SLAPP motion, and supporting papers | Partner: $28,250 (45.2 hrs at $625/hr) Sr. Associate: $14,520 (36.3 hrs at $400/hr) |
| Draft reply memorandum | Sr. Associate: $2,480 (6.2 hrs at $400/hr) |
| Draft Response to Voluntary Dismissal | Sr. Associate: $2,880 (7.2 hrs at $400/hr) |
| Preparation of this motion and supporting papers. (These sums do not include all of the time spent because there was additional time spent editing and finalizing the papers after these calculations were made.) | Partner: $625 (1 hr at $625/hr) Sr. Associate: $5,960 (14.9 hrs at $400/hr) |
| Preparation of reply brief for this motion [Estimate] | Sr. Associate: $2,400 (6 hours at $400/hr) |
| Total | $68,265 |

The California Supreme Court has held that "absent circumstances rendering an award unjust, the fee should ordinarily include compensation for all hours reasonably spent, including those relating solely to the fee." *Serrano v. Unruh*, 32 Cal.3d 621, 624, 186 Cal.Rptr. 754 (1982). As articulated in the accompanying declarations of Howard Langer and Marc M. Seltzer, the hours spent in this case were more than reasonable. This case involved complex constitutional and defamation issues and required Defendant's counsel to research the plaintiffs' extensive history of abuse. *See* Declaration of Howard Langer in Support of Defendant Kav LaOved's Motion for an Award of Attorneys' Fees and Costs (Langer Dec.), ¶10. The attorneys handled the case efficiently and effectively and

did not incur unnecessary time in responding to the Plaintiffs' complaint. *See* Langer Dec, ¶10.

The hourly rates are typical of attorneys with like skill and experience practicing in this jurisdiction. *See* Seltzer Dec., ¶¶5-6.

Finally, Kav requests that the Court find that both plaintiffs are jointly and severally liable for the fee award so as to lessen the likelihood that Mr. Orion escape the award by passing the liability onto his defunct company, Global Horizons, Inc.[1]

## CONCLUSION

For the foregoing reasons, defendant Kav LaOved respectfully requests that the Court award it $80,775.00 in attorneys' fees and $1,338.23 in costs it incurred in successfully striking plaintiffs' complaint, and assess the award—jointly and severally—against both plaintiffs.

Dated: January 6, 2012

MARC M. SELTZER
SUSMAN GODFREY L.L.P.

HOWARD LANGER
PETER E. LECKMAN
LANGER GROGAN & DIVER, P.C.

By: /s/ Marc M. Seltzer
Marc M. Seltzer
Attorneys for Defendant
Kav LaOved

---

[1] In an order dated December 17, 2010, an Administrative Law Judge noted that "[Global] states that . . . it is essentially defunct and without assets." *In the Matter of Global Horizons and Orian*, Case No. 2010-TAE-00002 (U.S. Dept of Labor, 12/17/2010) (available at Exhibit B to Docket No. 9). Similarly, in *Perez-Farias v. Global Horizons, Inc.*, the court found that "Global is financially insolvent[,] [i]ts debts far exceed its assets," and that, "Orian testified that he did not want to [file for bankruptcy], … since there were no corporate assets remaining for creditors to seize." 2008 U.S. Dist. LEXIS 118725 (E.D. Wash. July 21, 2008).

5

2130510v1/012826