O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#32/35

CIVIL MINUTES - GENERAL

| Case No. | CV 11-6904 PSG (FFMx) | Date | March 22, 2012 |
|---|---|---|---|
| Title | Mordechai Orian, et al. v. Federation International des Droits de L'Homme, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**  (In Chambers) Order GRANTING Defendants' Motions for Attorneys' Fees and Costs

Before the Court is Defendants Kav LaOved and Federation International des Droits de L'Homme's motions for attorneys' fees and costs. Dkts. # 32, 35. The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of the motions, the Court GRANTS the motions for attorneys' fees and costs.

I.   Background

Plaintiffs Mordechai Orian and Global Horizons, Inc. ("Global Horizons") (collectively as "Plaintiffs") brought this action against defendants Euro-Mediterranean Human Rights Network, Sidiki Kaba, Abdelaziz Bennani, Federation International des Droits de L'Homme ("FIDH"), and Kav LaOved ("Kav") (FIDH and Kav as "Defendants"). Dkt. #1. Plaintiff Global Horizons is a contractor for labor from foreign countries. *Compl.* ¶ 2. Plaintiff Orian is the President and Chief Strategic Officer of Global Horizons. *Compl.* ¶ 1. The entity defendants are human rights organizations and the individual defendants are employees of those organizations. *Compl.* ¶¶ 3-6. Plaintiffs brought causes of action for libel per se and tortious interference with business relationships based on Defendants' publication of allegedly defamatory material regarding Plaintiffs' treatment of foreign laborers in Israel. *Compl.* ¶¶ 25-29, 33-35.

Defendants Kav and FIDH both brought motions to dismiss the Complaint, as well as special motions to strike under California Code of Civil Procedure § 425.16 (the "anti-SLAPP

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#32/35

CIVIL MINUTES - GENERAL

| Case No. | CV 11-6904 PSG (FFMx) | Date | March 22, 2012 |
|---|---|---|---|
| Title | Mordechai Orian, et al. v. Federation International des Droits de L'Homme, et al. | | |

motions"). Dkts. # 7, 17, 18. Plaintiffs did not file an opposition to any of the motions to strike or dismiss. Instead, after the deadline for an opposition had passed, Plaintiffs filed a notice of dismissal to dismiss this action without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). Dkt. #25. Kav thereafter filed a response opposing Plaintiffs' unilateral dismissal of this action, arguing Plaintiffs could not dismiss in order to avoid paying attorneys' fees and costs. Dkt. #26.

On December 13, 2011, the Court dismissed the case pursuant to Plaintiffs' Federal Rule of Civil Procedure 41(a) motion. *See* Dkt. # 31, *Order Dismissing Case*. However, the Court also found that by filing a Rule 41(a) motion to dismiss Plaintiffs could not automatically escape the mandatory attorneys' fees and costs due to a prevailing defendant on an anti-SLAPP motion. *Id.* at 5. The Court held that Kav and FIDH would have prevailed on the anti-SLAPP motions and Plaintiffs had made no attempt to show their dismissal was for reasons unrelated to the merits of the anti-SLAPP motions. *Id.* Therefore, the Court deemed Kav and FIDH to be the prevailing parties on the anti-SLAPP motions, and invited Kav and FIDH to file motions to fix attorneys' fees and costs pursuant to the mandatory provisions of California Code of Civil Procedure §425.16(c). *Id.* In accordance with the Court's order, Defendants have moved for awards of attorneys' fees and costs. Dkts. # 32, 35. The hearing on the attorneys' fee motions was set for March 26, 2012. Plaintiffs Mordechai Orian and Global Horizons, Inc. have not filed oppositions to the motions.

II.     Legal Standard

The customary method of determining reasonable attorneys' fees, including fee awards on anti-SLAPP motions to strike, is known as the "lodestar" method. *See Morales v. City of San Rafael,* 96 F.3d 359, 363 (9th Cir. 1996); *Ketchum v. Moses,* 24 Cal. 4th 1122, 1131-34, 104 Cal. Rptr. 2d 377 (2001). The "lodestar" method involves "multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *See Morales,* 96 F.3d at 363. The resulting "lodestar" figure is presumptively reasonable. *See id.* at 364 n.8.

III.    Discussion

Defendants are entitled to recover attorneys' fees incurred in bringing their special motions to strike and their motions for attorneys' fees. *See Ketchum,* 24 Cal. 4th at 1133 (stating

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#32/35**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6904 PSG (FFMx) | Date | March 22, 2012 |
|---|---|---|---|
| Title | Mordechai Orian, et al. v. Federation International des Droits de L'Homme, et al. | | |

that "an attorney fee award should ordinarily include compensation for all the hours reasonably spent, including those relating solely to the fee") (emphasis omitted); *Metabolife Int'l, Inc. v. Wornick,* 213 F. Supp. 2d 1220, 1223 (S.D. Cal. 2002) (awarding fees and expenses on matters incurred "in connection with" defendant's anti-SLAPP motion). Both Defendants submit evidence regarding the work of the attorneys responsible for the anti-SLAPP matters. The Court will analyze the fees and costs of each Defendant separately.

Defendant FIDH was represented by two entities in this matter: Bostwick & Jassy LLP ("B&J") and the Center for Constitutional Rights ("CCR"). *Bostwick Decl.* ¶ 2. Attorneys Gary Bostwick, Jean-Paul Jassy, and Kevin Vick worked on the matters at B&J. *Id.* Attorney Maria LaHood worked on the matters at the CCR. *Id.*

At the time B&J worked on this matter, Mr. Bostwick's billing rate was $545 per hour, Mr. Jassy's billing rate was $425 per hour, and Mr. Vick's billing rate was $395 per hour. *Bostwick Decl.* ¶ 5. Mr. Bostwick declares he is familiar with the billing rates for attorneys in Los Angeles, California, particularly in the fields of anti-SLAPP and defamation litigation, and he avers the B&J rates are equal to or below the average market rate for attorneys with similar experience. *Id.* Ms. LaHood at the CCR had an hourly rate of $425 at the time she performed work on this matter. *LaHood Decl.* ¶ 5. She declares that based on her experience this rate is below or equal to the rates for attorneys in Los Angeles with comparable experience. *Id.*

B&J provided legal services worth $14,010.25 and incurred $78.21 in costs in connection with FIDH's anti-SLAPP motion. *Bostwick Decl.* ¶ 10. B&J provided an additional $2,520.00 worth of legal services in connection with the motion for attorneys' fees. *Id.* Ms. LaHood at the Center for Constitutional Rights provided legal services worth $14,875.00 in connection with the anti-SLAPP motion. *LaHood Decl.* ¶ 7. Ms. LaHood also incurred $275 in costs. *LaHood Decl.* ¶ 8. Both Mr. Bostwick and Ms. LaHood have submitted detailed time records evidencing the time spent on various aspects of the anti-SLAPP matters. *Bostwick Decl.* ¶ 9, Ex. A; *LaHood Decl.* ¶ 6, Ex. B.

Defendant Kav was also represented by two entities in this case: Susman Godfrey LLP ("Susman") and Langer Grogan & Diver, PC ("LGD"). *Langer Decl.* ¶ 2. Attorney Marc Seltzer at Susman worked on the anti-SLAPP matter. *Seltzer Decl.* ¶ 6. At LGD, attorneys Howard Langer and Peter Leckman worked on the anti-SLAPP matter. *Langer Decl.* ¶ 1.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#32/35**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6904 PSG (FFMx) | Date | March 22, 2012 |
|---|---|---|---|
| Title | Mordechai Orian, et al. v. Federation International des Droits de L'Homme, et al. | | |

At the time he worked on the anti-SLAPP matter, Mr. Seltzer's billing rate was $900 per hour. *Seltzer Decl.* ¶ 5. Mr. Seltzer has practiced law for more than thirty-nine years, litigating complex cases in both state and federal court. *Seltzer Decl.* ¶ 2. At LGD, Mr. Langer had a billing rate of $625 and Mr. Leckman had a billing rate of $400. *Langer Decl.* ¶ 7. Mr. Langer declares that the hourly rates of his firm are "somewhat lower" than those of other firms doing comparable litigation in his firm's market. *Langer Decl.* ¶ 6.

In its moving papers, LGD lists the fees incurred in relation to the following work: initial research and consultation; researching and drafting the anti-SLAPP motion; drafting the reply memorandum; drafting the response to the voluntary dismissal; and preparing the motion for attorneys' fees.[1] *Kav Mot.* 4:3-15. The total amount of fees incurred on these activities was $65,865. *Id.*; *Langer Decl.* ¶ 8. LGD does not seek payment of any costs incurred in this matter.

Mr. Seltzer at Susman declares that his fees for work on this matter were $10,710. *Seltzer Decl.* ¶ 5. In the moving papers, Kav represented that the fees of Mr. Seltzer were associated with the motion to strike only, and do not include other work on this case. *Kav Mot.* 3:25-28. Mr. Seltzer's firm also incurred $1,338.23 in costs related to this matter. *Seltzer Decl.* ¶ 6.

Based on all the evidence presented and the Court's experience with regard to such matters, the Court finds the billing rates of the various attorneys and the amount of fees incurred for the work related to the anti-SLAPP matters to be reasonable. Therefore, in total the Court finds that the reasonable attorneys' fees and costs incurred by Kav in connection with its anti-SLAPP motion is $77,913.23. The reasonable attorneys' fees and costs incurred by FIDH in relation to its anti-SLAPP motion is $31,758.46. Accordingly, the Court grants Defendants' motions for attorneys' fees and costs in these amounts.

IV.   Conclusion

---

[1] Kav also listed its estimate of the amount of time necessary to prepare a reply brief to Plaintiffs' opposition to the motion for attorneys' fees. *Kav Mot.* 4:16-17. As noted, Plaintiffs did not file an opposition, so the Court has not included Kav's estimated time necessary for a response. The Court has done the same with regard to FIDH's motion.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#32/35**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6904 PSG (FFMx) | Date | March 22, 2012 |
|---|---|---|---|
| Title | Mordechai Orian, et al. v. Federation International des Droits de L'Homme, et al. | | |

    For the foregoing reasons, the Court GRANTS Defendant Kav's motion for attorneys' fees and costs in the amount of $77,913.23. The Court also GRANTS Defendant FIDH's motion for attorneys' fees and costs in the amount of $31,758.46. Plaintiffs Orian and Global Horizons shall be jointly and severally liable for these amounts.

    **IT IS SO ORDERED.**